UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RAY SHORT,<br><br>Defendant. | Case No. 4:14-cr-00273-BLW<br><br>MEMORANDUM DECISION AND ORDER |

## INTRODUCTION

Defendant Ray Short requests a 60-day extension of time in which to file a motion for post-conviction relief under 28 U.S.C. § 2255. Mr. Short also asks the Court to "release to me all court transcripts, all affidavits and all discovery from the prosecution of my case." *July 28, 2017 Letter Motion,* Dkt. 70, at 1-2. For the reasons explained below, the Court will deny both requests.

## BACKGROUND

In July 2015, this Court sentenced Defendant Ray Short to 180 months in prison after he pleaded guilty to attempted sexual exploitation of a minor child. *See July 16, 2015 Judgment,* Dkt. 53, at 1. Mr. Short appealed, challenging the constitutionality of his mandatory minimum sentence of 15 years. *See July 28, 2015 Notice of Appeal,* Dkt. 55.

**MEMORANDUM DECISION AND ORDER - 1**

On August 2, 2016, the Ninth Circuit affirmed, concluding that Short's sentence did not violate the Eighth Amendment. *See August 2, 2016 Memorandum Disposition,* Dkt. 68. The Ninth Circuit issued its mandate on August 25, 2016. *See* Dkt. 69. Mr. Short did not file a petition for writ of certiorari with the United States Supreme Court.

On July 28, 2017, Mr. Short filed the pending request for an extension. In making this request, Short has mistakenly concluded that the one-year clock for filing a § 2255 motion began ticking on August 2, 2016 and thus expired on August 2, 2017. As discussed below, Mr. Short's one-year clock did not begin ticking until October 31, 2016. As a result, Mr. Short has until October 31, 2017 to file his § 2255 motion. The Court will therefore deny his request for a 60-day extension.

## DISCUSSION

1.  **Motion for a 60-Day Extension**

Motions for post-conviction relief under 28 U.S.C. § 2255 are subject to a one-year statute of limitations that generally begins running on "the date on which the judgment of conviction becomes final." § 2255(f)(1). But when a defendant appeals from his direct conviction, and does not then file a petition for a writ of certiorari with the United States Supreme Court, the "judgment of conviction" does not become final until the time expires for filing a petition for certiorari. *See Clay v. United States,* 123 S. Ct. 1072 (2003); *United States v. Garcia*, 210 F.3d 1058 (9th Cir. 2000).

Here, the Ninth Circuit affirmed Short's sentence on August 2, 2016. Short had 90 days from that date, or until October 31, 2016, in which to file a petition for writ of

certiorari. *See* U.S. Sup. Ct. R. 13.1, 13.3 (90 days to file petition for certiorari "runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate . . . ."). Mr. Short thus has until October 31, 2017 to file his § 2255 petition and there is no need for a 60-day extension from August 2, 2017 to October 1, 2017.

Mr. Short should also be aware that although the Ninth Circuit has not yet weighed in, a majority of circuits facing the issue hold that district courts do not have jurisdiction to grant extensions for § 2255 motions that have not yet been filed.[1] Accordingly, to the extent Short wishes to file a § 2255 petition, he should do so by the October 31, 2017 deadline.

Given that the deadline to file a § 2255 has not yet expired, the Court will deny Short's motion for an extension of that deadline as premature.

## 2. Transcripts, Affidavits, Discovery Materials

The Court will also deny Short's request for copies of "all the transcripts, all affidavits and all discovery from the prosecution of my case." *July 28, 2017 Letter Motion,* Dkt. 70, at 1-2.

---

[1] *See United States v. Asakevich*, 810 F.3d 418, 421 (6th Cir. 2016); *United States v. Leon*, 203 F.3d 162, 163 (2d Cir. 2000); *United States v. White*, 257 Fed. Appx. 608, 609 (4th Cir. 2007) (per curiam); *United States v. McFarland*, 125 Fed. Appx. 573, 574 (5th Cir. 2005) (per curiam); *Swichkow v. United States*, 565 Fed. Appx. 840, 844 (11th Cir. 2014) (per curiam); *United States v. Glover*, No. 05–3110, 2006 WL 3798926, at *1 (D.C. Cir. June 27, 2006) (per curiam). *But see United States v. Thomas*, 713 F.3d 165 (3d Cir. 2013) (because a § 2255 petition is a continuation of the underlying criminal case, "a district court has subject matter jurisdiction to rule on a § 2255 motion for an extension of time before the substantive motion for relief is actually filed").

Turning first to the request for transcripts, indigent defendants are entitled to have the government pay the fees for a copy of a transcript in a § 2255 proceeding if that defendant demonstrates that the suit is not frivolous and that the transcript is needed to decide the issue presented by the suit. 28 U.S.C. § 753(f). Here, Short has not filed a § 2255 motion or an accompanying request to proceed in forma pauperis, so his motion will be denied as premature. Otherwise, regarding his requests for other documents, Short does not explain which specific documents he needs; he does not explain why he needs them; and he does not cite any legal authority supporting his request. The request is also premature.

For all these reasons, the Court will deny Short's motion in its entirety.

## ORDER

Defendant Ray Short's letter motion (Dkt. 70) is **DENIED.**

DATED: October 5, 2017

B. Lynn Winmill
Chief Judge
United States District Court