UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RAY CARL SHORT,<br><br>    Movant,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | Civil Case No. 4:17-cv-00451-BLW<br>Criminal Case No. 4:14-cr-00273-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Movant Ray Carl Short's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. (Dkt. 1). Having reviewed the motion, the supporting memorandum,[1] the government's response, Short's reply, and the underlying record, the Court will deny the motion and dismiss this case.

## BACKGROUND

In July 2015, this Court sentenced Short to 15 years' imprisonment after he pleaded guilty to attempted sexual exploitation of a minor child. *See July 16, 2015*

---

[1] Short filed his § 2255 motion on November 1, 2017 and a supporting memorandum on December 4, 2017. Two months later, Short filed a "First Amendment" to his § 2255 motion. *See* Dkt. 12. Given that Short did not seek or receive permission to file an amended motion, and the government did not have the opportunity to address the amended filing, the Court will not address any new claims Short seeks to advance within the amendment. The Court will, however, consider and cite to arguments advanced in the amendment to the extent that those arguments simply elaborate upon points raised in his earlier filings.

MEMORANDUM DECISION AND ORDER- 1

*Judgment*, Crim. Dkt. 53, at 1.[2] Short appealed, challenging the constitutionality of his mandatory minimum sentence of 15 years. *See July 28, 2015 Notice of Appeal*, Crim. Dkt. 55. On August 2, 2016, the Ninth Circuit affirmed, concluding that Short's sentence did not violate the Eighth Amendment. *See Aug. 2, 2016 Mem. Disposition*, Crim. Dkt. 68. On October 30, 2017, Short filed the pending § 2255 motion. He claims ineffective assistance of counsel.

## STANDARD OF LAW

Title 28 U.S.C. § 2255 provides four grounds under which a federal court may grant relief to a federal prisoner who challenges the imposition or length of his or her incarceration: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" and (4) that the sentence is otherwise "subject to collateral attack." 28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that a federal district court judge may summarily dismiss a § 2255 motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." "Under this standard, a district court may summarily dismiss a § 2255 motion only if the allegations in the motion, when viewed against the record, do not give rise to a claim for relief or are 'palpably incredible or patently

---

[2] Citations to "Dkt" are to docket entries in *Short v. United States*, Case No. 4:17-cv-00451-BLW (D. Idaho). Citations to "Crim. Dkt." are to docket entries in the underlying criminal case *United States v. Short*, Case No. 4:14-cr-273-BLW (D. Idaho).

MEMORANDUM DECISION AND ORDER- 2

frivolous.'" *United States v. Withers*, 638 F.3d 1055, 1062-63 (9th Cir. 2011) (citation omitted).

If the Court does not dismiss pursuant to Rule 4(b), the Court shall order the government "to file an answer, motion, or other response within a fixed time, or to take other action the judge may order."

The Court may dismiss a § 2255 motion at other stages of the proceeding such as pursuant to a motion by respondent, after consideration of the answer and motion, or after consideration of the pleadings and an expanded record. *See* Advisory Committee Notes following Rule 8 of the Rules Governing Section 2254 Proceedings incorporated by reference into the Advisory Committee Notes following Rule 8 of the Rules Governing Section 2255 Proceedings.

If the Court does not dismiss the proceeding, the Court then determines under Rule 8 whether an evidentiary hearing is required. The Court need not hold an evidentiary hearing if the issues can be conclusively decided on the basis of the evidence in the record. See *Frazer v. United States*, 18 F.3d 778, 781 (9th Cir. 1994).

## ANALYSIS

To prevail on a claim of ineffective assistance of counsel, Short must demonstrate (1) that his attorney's representation "fell below an objective standard of reasonableness" and (2) that he was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 688 (1984). Regarding the first part of this test, courts apply a "strong presumption" that counsel's representation was within the "wide range" of reasonable professional

assistance. *Harrington v. Richter*, 562 U.S. 86, 104 (2011). The challenger's burden is to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*.

Short argues that his attorney was deficient during pretrial proceedings, at sentencing, and on appeal.

**A.      Counsel's Alleged Ineffectiveness During Pretrial Proceedings**

     **1.     The Alleged Failure to Inform Short of the Likely Consequences of Pleading Guilty**

Short repeatedly argues that during pretrial proceedings, his counsel coerced him into pleading guilty, promised that he would receive a three- to five-year sentence, and told him that the prosecutor planned to "sentence on the lesser crime of possession and not for manufacturing or distribution of porn, which could well be time served and some years of probation.'" *Am. Motion*, Dkt. 12, at 17-18.

The problem with this argument begins with the plea agreement. That agreement states that Short is pleading guilty to a production offense (not a possession offense), and further states that at the time of sentencing, the government would recommend a sentence within the Sentencing Guideline range, "*but not less than the statutory mandatory minimum sentence required by 18 U.S.C. § 2251(e).*" *Plea Agreement*, Dkt. 10, at 2 (emphasis added). The mandatory minimum sentence under 18 U.S.C. § 2251(e) is 15 years.

Further, during the plea hearing, the Court went over each element of the offense with Short and verified that he understood the offense charged. And before accepting his

MEMORANDUM DECISION AND ORDER- 4

plea, the Court informed Short that he was pleading guilty to a charge that carried a statutory mandatory minimum of 15 years' imprisonment. During the hearing, Short said he understood this, though he had "thought it was lower." *Transcript, Plea Hearing, Crim. Dkt. 64, at 17:24-25.* At that point, the Court clarified that the mandatory minimum prison term was indeed 15 years – not anything less than that – and Short stated that he understood. That exchange is shown here:

THE COURT: Do you feel you understand the charges?

DEFENDANT: Yes.

THE COURT: All right. The maximum penalty under the indictment – well, let me just outline the punishment. The term of imprisonment that could be imposed would be between 15 and 30 years, so the sentence could be up to 30 years of incarceration, followed by a term of supervised release of at least five years and it could be as long as life; a maximum fine of $250,000 and a special assessment of $100. Do you understand that?

THE COURT: And then I – if I read this correctly there's a 15 year mandatory minimum, is that correct Ms. Wick?

MS. WICK: Yes, Your Honor.

THE COURT: All right. Do you understand that?

DEFENDANT: Yes. I thought it was lower, but I do understand it.

THE COURT: Well, that can make a big deal – not – you need – you do understand that now that is –

DEFENDANT: I understand it's 15. I thought it was 5 to 10, but I understand it's –

MR. JENSEN: Your Honor, I think what the confusion is, we did kind of a pre-indictment evaluation to see where the guidelines would fall and that's what we've been discussing.

| | |
|---|---|
| THE COURT: | Okay. |
| MR. JENSEN: | So. |
| THE COURT: | Well, by statute the term of imprisonment must be at least 15 years and it could be as long as 30. Do you understand that? |
| DEFENDANT: | Yes. |

*Transcript,* Crim. Dkt. 64, at 17:8 to 18:14.

Short suggests that at some point during the change-of-plea hearing, he wanted to look to his wife for guidance, but he says the judge "'commanded' Short not to look at his wife and turn around." *Am. Motion,* Dkt. 12, at 19. This allegation finds no support in the record. Upon review of the entire transcript, there is no record of the Court refusing to allow the defendant to ask questions or seek guidance from his attorney or anyone else, nor is there any record of the Court "commanding" Short to turn around and not look at his wife. To the contrary, at other points during the proceeding, the Court told the defendant to go ahead and confer with his attorney. *See Plea Hearing Transcript*, Crim. Dkt. 64, at 8 ("Go ahead, you can confer with your attorney."); *id.* at 19 ("Yes. Well, talk – ask – confer with your attorney first on that."). Additionally, the Court gave this general instruction to Short: "Listen carefully, if you have any questions please say so and I will take whatever time is necessary to ensure that you fully understand." *Id.* at 14:7-9.

Short also testified that he had had adequate time to discuss his case with his attorney, that his attorney had answered any questions he may have had regarding the plea agreement, and that he was satisfied with his attorney's performance. *Id.* at 7:10-15,

64:8-13. Short also testified that nobody had made any prediction about what his sentence might be. *Id.* at 29:23-25.

On these facts, Short cannot make out a claim for ineffective assistance of counsel during pretrial proceedings. Any failures by defense counsel to adequately explain the minimum sentence were remedied during the colloquy between the Court and Short at the change-of-plea hearing. *Cf. United States v. Rubalcaba*, 811 F.2d 491, 494 (9th Cir.1987) (ineffective assistance of counsel claim failed because even if attorney misinformed the defendant regarding the differences between consecutive and concurrent sentencing, the district court adequately informed the defendant of the maximum possible penalty); *United States v. Talley,* 674 F. Supp. 2d 221, 226-27 (D.D.C. 2009) (defendant was not prejudiced based on "conclusory and unsubstantiated" allegations that his counsel guaranteed that his sentence would be at or below the statutory minimum because the defendant acknowledged at the plea hearing that "his lawyer's sentencing prediction was not conclusive, and that the court would make the final determination of his guideline range").

### 2. Failure to Conduct an Adequate and Independent Pretrial Investigation

Short also says his counsel failed to "conduct any kind of reasonable independent pretrial investigation of his case," *Am. Motion*, Dkt., 12, at 19, and also failed to research case law, investigate the facts of the case, retain a private investigator, or contact and interview Short's witnesses. *Id.* at 20.

Jensen, however, has stated that he researched applicable law as well as the facts of the case. He says he did not hire a private investigator, given that "Short admitted to the officers who were executing the search warrant that he had the images [containing child pornography] and ultimately made a confession with regard to the videotaping of John Doe." *Jensen Aff.*, Dkt. 9-2, ¶ 2. Jensen also stated that he evaluated the viability of Short's "masturbation defense," which rested on Short's assertion that he did not purposely videotape his son masturbating, but instead accidentally captured those images when he set up a camera in an effort to catch his son using a computer after hours. Short says he kept the explicit videos because he was concerned that the boy's masturbation methods were harmful; Short says he intended to show the images to a counselor.

Even considering this defense, however, Jensen believed Short's chances of prevailing at trial were "very slim" and that if he proceeded to trial, Short might well be convicted on the possession charges as well, and he would then face an even greater sentence.

As far as Jensen's alleged failure to contact or interview witnesses, Short does not say who these witnesses were, nor does he indicate what these witnesses might have knowledge of, other than to say that they "wanted to testify in Short's defense" and regarding his character. *See Motion Mem.*, Dkt. 12, at 20. Short does not persuasively argue that these witnesses would testify as to his innocence. Put differently, this was not a case where there were numerous witnesses to a crime; it was a crime committed on a computer, and Short had admitted to having the images; he had admitted to videoing his

son; and he had admitted to keeping the videos. Further, Short has not identified any additional evidence – or even generally what type of evidence – might have been uncovered had Jensen conducted a more in-depth investigation. Absent such evidence, there was no prejudice flowing from counsel's alleged failure to conduct a more thorough investigation.

### 3. General Allegations Regarding Failure to Communicate

Finally, Short generally alleges that there was "not any reasonable communication" between him and his attorney, and that this prevented Short from "effectively participat[ing] in his defense." *Am. Motion*, Dkt. 12, at 16. These allegations are too general to be persuasive. Further, while Short may have been frustrated that his attorney did not meet with him more often, and that he advised him to plead guilty, Short has failed to demonstrate how additional meetings with his attorney would have led to a different outcome, and he has thus failed to make out a claim for ineffective assistance of counsel.

## B. Counsel's Alleged Ineffectiveness During Sentencing

Short next argues that sentencing counsel was ineffective. Here, Short faults Jensen for not challenging sentencing enhancements, for not presenting mitigating evidence at the sentencing hearing, and for not objecting to Short's sentence as being substantively unreasonable. Short also says he did not see the Court-ordered Presentence Investigation Report (PSR) until after the sentencing.

Preliminarily, Short's claim that he does not remember seeing the PSR before he was sentenced is contradicted by the record. During the sentencing hearing, the Court began by asking Short if he had had an opportunity to review the PSR. Short responded that he had, and Short's attorney indicated that he had reviewed the PSR with his client. *See July 16, 2015 Sentencing Hearing Transcript,* Crim. Dkt. 66, at 3:18 to 4:1.

1. **Failure to Challenge Enhancements**

Short's contention that Jensen did not challenge sentencing enhancements is also refuted by the record. The Presentence Report calculated Short's total offense level as 36, resulting in an advisory guideline range of 188-235 months. *See PSR,* Crim. Dkt. 29, ¶¶ 66, 108. This calculation included enhancements for (1) the familial relationship between Short and his victim and (2) obstruction of justice. The calculation also included a "multiple count" adjustment based on Short having produced more than one video of John Doe. *Id.* ¶¶ 42, 45, 59, 61. Jensen filed objections on Short's behalf, including objections to the obstruction of justice enhancement and the multiple count adjustment. *See Mar. 25, 2015 Objections to PSR*, Crim. Dkt. 26, at 1-2. The Court sustained Short's objection to the multiple count adjustment and reduced Short's total offense level by three levels, resulting in an advisory guideline sentence of 180 months. *See Sept. 21, 2015 Tr.*, Crim. Dkt. 66, at 4:10-22, 26:6-13, and 33:15-17. Short does not acknowledge that Jensen filed these objections, nor does he specifically identify objections that Jensen should have made but did not. The Court therefore cannot find ineffective assistance based on the alleged failure to challenge sentencing enhancements.

## 2. Failure to Submit Mitigating Evidence

Short also complains that Jensen failed to submit mitigation evidence. Among other things, he says "Jensen procured Short's life expectancy report absent his Vietnam exposure to Agent Orange poisoning and its effects on Short." *Amended Motion Mem.*, Dkt. 12, at 34. The implication is that if the Court had the correct information regarding Short's anticipated life span, then it might have imposed a lesser sentence. But the Court had no choice but to sentence Short to at least 15 years' imprisonment, which is the sentence he received. So although Jensen did, in fact, argue that the Court should depart downward based on Short's age and his health problems, including the fact that Short is "a Vietnam veteran [who] suffered from the effects of Agent Orange, . . . ." *Short's Sentencing Memo.*, Crim. Dkt. 34, at 2, the Court could not have imposed a lighter sentence. Accordingly, Short cannot persuasively argue that his sentence might have been lighter if his attorney had provided additional mitigating information, including information regarding his expected life span.

## 3. Failure to Object to Short's Sentence "Being Substantively Unreasonable"

Short also faults Jensen for failing to argue that his sentence is substantively unreasonable. But there is no merit to such an argument. Short was subject to a 15-year mandatory minimum sentence; thus the Court had no discretion to hand down a lesser sentence. And even if the Court could have sentenced Short to a lesser term, an appellate court's review of a sentence for substantive reasonableness is particularly deferential. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

### C. Appellate Counsel's Alleged Ineffectiveness

Finally, Short says that when Jensen pursued an appeal, he failed to communicate with Short, failed to permit Short to "participate" in the appeal, and failed to "raise stronger meritorious issues than the one weak issue raised." *Am. Motion,* Dkt. 12, at 36.

In support of this argument, Short says "[t]here were a plethora of issues which could have been raised on appeal." *Id.* But the only specific issue he identifies relates to whether his plea was knowing and voluntary. He said Jensen should have argued that, based on his deficient performance, Short's guilty plea could not be deemed "knowing and voluntary." *Id*.

The Court cannot find ineffective assistance based on these allegations. The allegations regarding lack of communication and participation are vague and conclusory, and Short does not explain how the outcome might have been different if he had participated to a greater degree in his appeal. And, for the reasons already discussed, Jensen would not have succeeded on appeal if he had argued that Short's plea was not knowing or voluntary.

As for his claim that Jensen should have pursued an ineffective-assistance-of-counsel claim on direct appeal, the Ninth Circuit generally does not review such challenges on direct appeal. *United States v. Jeronimo*, 398 F.3d 1149, 1155 (9th Cir. 2005) ("[A]s a general rule, we do not review challenges to the effectiveness of defense counsel on direct appeal.") (citation omitted). There are two exceptions to this general rule: "'(1) where the record on appeal is sufficiently developed to permit determination of

the issue, or (2) where the legal representation is so inadequate that it obviously denies a defendant his Sixth Amendment right to counsel.'" *United States v. Alferahin*, 433 F.3d 1148, 1160 n.6 (9th Cir. 2006) (*quoting Jeronimo*, 398 F.3d at 1156). Short fails to develop any meaningful argument with respect to either exception.

## CONCLUSION

For all these reasons, the Court will dismiss Short's § 2255 Motion.

## CERTIFICATE OF APPEALABILITY

A § 2255 movant cannot appeal from the denial or dismissal of his § 2255 motion unless he has first obtained a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A certificate of appealability will issue only when a movant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard when the court has dismissed a § 2255 motion (or claims within a § 2255 motion) on procedural grounds, the movant must show that reasonable jurists would find debatable (1) whether the court was correct in its procedural ruling, and (2) whether the motion states a valid claim of the denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When the court has denied a § 2255 motion or claims within the motion on the merits, the movant must show that reasonable jurists would find the court's decision on the merits to be debatable or wrong. *Slack*, 529 U.S. at 484; *Allen v. Ornoski*, 435 F.3d 946, 951 (9th Cir. 2006).

Rule 11 of the Rules Governing § 2255 Proceedings provides that the district court must issue or deny a certificate of appealability at the time it enters a final order adverse

to the movant. Rule 11(a), 28 U.S.C. foll. § 2255. After carefully considering the record and the relevant case law, the Court finds that reasonable jurists would not find the Court's determination regarding Short's claims of ineffective assistance of counsel to be debatable or wrong. Accordingly, a certificate of appealability will not issue.

## ORDER

1. **NOW THEREFORE IT IS HEREBY ORDERED** that Carl Ray Short's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255 (Dkt. 1; Crim. Dkt. 72) is **DENIED AND DISMISSED** in its entirety.

2. **IT IS FURTHER HEREBY ORDERED** that no certificate of appealability shall issue. Short is advised that he may still request a certificate of appealability from the Ninth Circuit Court of Appeals, pursuant to Federal Rule of Appellate Procedure 22(b) and Local Ninth Circuit Rule 22-1. To do so, he must file a timely notice of appeal.

3. **IT IS FURTHER HEREBY ORDERED** that if Short files a timely notice of appeal, and not until such time, the Clerk of Court shall forward a copy of the notice of appeal, together with this Order, to the Ninth Circuit Court of Appeals. The district court's file in this case is available for review online at www.id.uscourts.gov.

DATED: August 14, 2018

_____
B. Lynn Winmill
Chief U.S. District Court Judge