UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RAY CARL SHORT,<br><br>Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Civil Case No. 4:17-cv-00451-BLW<br>Crim. Case No: 4:14-cr-00273-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Before the Court is Defendant Ray Short's letter, which requests appointment of counsel (Dkt. 21). The Court will also construe this letter as one for compassionate release. For the reasons explained below, the Court will deny the motion for appointment of counsel and will deny the motion for compassionate release without prejudice.

# BACKGROUND

In July 2015, this Court sentenced Short to 15 years' imprisonment after he pleaded guilty to attempted sexual exploitation of a minor child. *See July 16, 2015 Judgment*, Crim. Dkt. 53, at 1. Short appealed, challenging the constitutionality of his mandatory-minimum sentence of 15 years. *See July 28, 2015 Notice of Appeal*, Crim. Dkt. 55. On August 2, 2016, the Ninth Circuit affirmed, concluding that

Short's sentence did not violate the Eighth Amendment. *See Aug. 2, 2016 Mem. Disposition*, Crim. Dkt. 68. This Court later denied Mr. Short's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence. Civ. Dkt. 15. The Ninth Circuit later denied Short's request for a certificate of appealability. *See* Civ. Dkt. 20.

Mr. Short now asks the Court to appoint an attorney for him. *See* Dkt. 21. Additionally, his wife has written a letter to the Court indicating that an attorney should be appointed to help Mr. Short request an early release based on his health concerns and COVID-19. *See* Dkt. 22.

## ANALYSIS

Defendant's letter will be construed as a motion for compassionate release and for the appointment of counsel. For the reasons stated below, Defendant's motion for compassionate release will be denied without prejudice. His motion for appointment of counsel will be denied outright.

Construing the letters on file in Mr. Short's favor, he is seeking a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) – commonly referred to as the compassionate release statute.

That statute provides:

> The court may not modify a term of imprisonment once it has been imposed except ... upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully

> exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment ... if it finds that ... extraordinary and compelling reasons warrant such a reduction ...

18 U.S.C. § 3582(c)(1)(A)(i). As explained in the statute, before a court may consider an inmate's request for a reduced sentence under 18 U.S.C. § 3582, the inmate must first exhaust his administrative remedies with the Bureau of Prisons (BOP) or wait 30 days after making such a request.

Neither letter on file with the Court states whether Mr. Short has exhausted his administrative remedies with the BOP. Before the Court can consider the merits of any request for compassionate release, the defendant must file some documentary evidence that he has asked the BOP for compassionate release and either the BOP denied his request or 30 days has passed since the request.

Otherwise, Defendant's request for the appointment of counsel will be denied. Defendant has no right to the appointment of counsel, and a motion for compassionate release does not entail complex issues of law or fact that would prevent Defendant from prevailing without the assistance of counsel. Indeed, the requirements for compassionate release are set forth plainly in 18 U.S.C. § 3582(c)(1)(A).

## ORDER

**IT IS ORDERED that** Defendant's Letter Request for Appointment of Counsel (Civ. Dkt. 21) is **DENIED.** Otherwise, to the extent the Defendant is seeking compassionate release under 18 U.S.C. §3582(c)(1)(A), the motion is **DENIED WITHOUT PREJUDICE.**

DATED: January 4, 2021

_____
B. Lynn Winmill
U.S. District Court Judge