UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RAY SHORT,<br><br>Defendant. | Case No. 4:14-cr-00273-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Defendant Ray Short's Motion for Compassionate Release. *See* Dkt. 86. For the reasons explained below, the Court will deny the motion.

## BACKGROUND

Short is serving a 15-year sentence for attempted sexual exploitation of a minor child. He committed the crime by using a hidden camera to film his 16-year-old son nude and masturbating. He also possessed other child pornography, including nearly 3,000 images and over 100 video files. *See PSR*, Dkt. 29, ¶ 13. Short was initially released pretrial but then violated a no-contact order—he was seen with the victim in this case. *Id.* ¶ 19. He was then ordered detained, but during pretrial detention, he asked his wife to destroy a computer to prevent law

enforcement from discovering he had had access to a computer while on release. *Id.* ¶ 20.

As of this writing, Short is 76 years old; his scheduled release date is June 1, 2027; and he is housed at Rochester FMC. *See* https://www.bop.gov/inmateloc/ (last visited Feb. 6, 2024). He asks the Court to release him early based on a variety of health conditions, his advanced age, and his arguments that he does not pose a danger to society and that the § 3553(a) factors favor release.

## LEGAL STANDARD

In general, a district court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see Dillon v. United States*, 569 U.S. 817, 824-25 (2010). Compassionate release motions under 18 U.S.C. § 3582(c) are one of the few exceptions to this rule. A defendant may move for compassionate release after fully exhausting his administrative rights. *See* 18 U.S.C. § 3582(c)(1)(A); *United States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021).

Assuming a defendant exhausts his or her administrative rights, the Court must then engage in a three-step process to consider granting compassionate release. In *United States v. Aruda,* 993 F.3d 797, 802 (9th Cir. 2021), the Ninth Circuit instructed that a court must first consider the 18 U.S.C. § 3553(a) sentencing factors and then determine whether "extraordinary and compelling reasons warrant such a reduction." *Aruda* further instructed that when

considering compassionate release motions filed by a defendant rather than the government, a court may, but was not required to, look to whether a reduction is consistent with the policy statement set forth at U.S.S.G. § 1B1.13, issued by the Sentencing Commission. *Id.* This was so because at the time, § 1B1.13 only referred to motions filed by the Bureau of Prisons. After *Aruda* was decided, however, the Sentencing Commission proposed, and Congress approved, amendments to that policy statement (effective November 1, 2023), specifically including motions filed by a defendant and expanding the categories of "extraordinary and compelling reasons" supporting a sentence reduction. *See, e.g., United States v. Brown*, 2023 WL 8650290 (W.D. Wash. Dec. 14, 2023) (citations omitted); *United States v. Eccles*, 2024 WL 83493 (W.D. Wash. Jan. 8, 2024) (same). Accordingly, the Court is now required to consider § 1B1.13 and to consider only the newly enumerated six categories of factors. *Brown,* at *3 (citing U.S.S.G. § 1B1.13(b)). The amended policy statement requirement that a court must determine that a defendant is "not a danger to the safety of any other person or to the community" is also applicable to motions filed by a defendant. *Id*. (citing 18 U.S.C. § 3142(g); § 1B1.13(a)(2)). Finally, a court may deny compassionate release if any one of the three § 3582(c)(1)(A) requirements is not met. *See United States v. Wright*, 46 F.4th 938, 945 (9th Cir. 2022) (citation

MEMORANDUM DECISION AND ORDER - 3

omitted) (referring to extraordinary and compelling reasons, policy statement compliance, and favorable § 3553(a) factors).

## DISCUSSION

Short has exhausted his administrative remedies, but he has failed to present an extraordinary and compelling reason justifying an early release. Additionally, even assuming he presented an extraordinary and compelling reason, the Court finds that the § 3553(a) factors weigh against an early release and that Mr. Short would pose a danger to the safety of others, particularly children, if released.

**1. Extraordinary & Compelling Reasons**

The Court will begin with the assertion that there are extraordinary and compelling reasons warranting an early release. Mr. Short begins by pointing out that he suffers from a wide variety of medical conditions, including "a history of diabetes, restless legs syndrome, chronic pain syndrome, cervical spine spondylosis, hypertension, stage III kidney failure, neurogenic bladder, obesity, vitamin B6 deficiency, hyperlipidemia, sleep apnea, polyneuropathy, chronic obstructive pulmonary disease, gastroesophageal reflux disease, edema, Charcot foot, status post left second toe amputation, and osteomyelitis of the left third toe." Ex. A to Motion, Dkt. 82-1, at 2. The government acknowledges Mr. Short's various health conditions but says they are being properly managed in prison. The government also points out that the BOP denied Mr. Short's request for an early

release, after having concluded that Mr. Short is able to function well in prison. Among other things, the denial letter indicates that Mr. Short is able to bathe and dress himself, use the toilet, brush his teeth, open packages, and self-operate his electric wheelchair. *See id.* Additionally, Mr. Short is housed at FMC-Rochester, which specializes in providing medical care for prisoners.

Despite being housed in such a facility, Short says he is not consistently receiving needed medical care and that his condition is generally deteriorating. In support of this argument, Short cites numerous passages from a 2016 report from the Office of the Inspector General. He says this report contains "the federal government's acknowledgment of the difficulty of managing sick and elderly inmates." *Motion,* Dkt. 82, at 10. The Court is not persuaded by the generalized findings in this report. Rather, the Court is more concerned with evidence specifically relating to Mr. Short's medical condition and the care he is receiving in prison. On that front, Mr. Short has argued that his various health conditions are not being attended to properly. Dkt. 82, at 12. As examples, Short says that when he asks for medical care, "is often ignored or told 'we don't care' or "'suck it up.'" *Id.* He also says that, among other things: (1) he was forced to walk (against doctor's orders) which caused extensive damage to his feet; (2) he has not been able to obtain needed surgeries (for TMJ and a dislocated shoulder); and (3) he has not received adequate dental care. The problem here is that Mr. Short has not

submitted any evidence documenting these concerns. He did not submit an affidavit or any supporting medical records. The failure to submit medical records, in and of itself, is a sufficient basis to deny this motion, given that Mr. Short carries the burden of proof. *See generally United States v. Elias*, 984 F.3d 516, 520 (6th Cir. 2021) (observing that failure to submit medical records, on its own, is a sufficient basis to deny a motion for compassionate release).

Given the record before it, then, the Court cannot find that Mr. Short presented an extraordinary and compelling reason warranting a reduction in sentence. In short, the Court is not persuaded by Mr. Short's ultimate conclusion that "BOP is simply not equipped to handle an inmate with Short's constellation of conditions." Dkt. 82, at 14. But even assuming that Mr. Short *had* presented an extraordinary and compelling reason for an early release, the Court still would have denied the motion because he continues to present a danger to the safety of others and because the § 3553(a) sentencing factors do not support an early release.

## 2. Danger to the Safety of Others

Beginning with the danger Mr. Short presents if released, the Court finds that he still presents a danger to the community, and particularly to children. In this case, as noted above, Mr. Short both possessed and produced child pornography. Further, pretrial, Mr. Short was seen with the victim (despite a no-contact order) and then attempted to destroy evidence. This all despite his relatively advanced age

of 66 at the time. Given this behavior, the Court finds that, despite his age and health concerns, there is a substantial risk that Mr. Short would engage in similar behavior if released.

## 3. The § 3553(a) Sentencing Factors

The Court also finds that the factors set forth in 18 U.S.C. § 3553(a) compel denial of his motion. The court has considered these factors anew and finds they do not balance any differently now than they did at the time of the original, 2015 sentencing—notwithstanding the passage of time or Mr. Short's current health concerns.

Beginning with the nature and circumstances of the offense, this factor weighs strongly against relief. Mr. Short not only possessed a large quantity of child pornography (nearly 3,000 images and 144 videos), he produced child pornography and victimized his own son in the process. As for Mr. Short's history and characteristics, the Court acknowledges that he had no criminal history prior to this offense. That said, he did violate the no-contact order while on pretrial release and he attempted to destroy evidence, which is particularly concerning as it shows both a disregard for the law and a willingness to deceive.

Otherwise, in the context of resolving this motion, the Court has reviewed transcript of Mr. Short's July 16, 2015 sentencing hearing, *see Tr.*, Dkt. 66, and finds that the need for the sentence to reflect the seriousness of the offense, provide

just punishment, afford adequate deterrence, and to protect the public, weigh against release. 18 U.S.C. § 3553(a)(2). Put differently, the concerns the Court had at the sentencing hearing, which caused the Court to impose a 15-year sentence, have not abated. Accordingly, the Court will deny the pending motion.

## ORDER

**IT IS ORDERED that** Defendant's Motion for Compassionate Release (Dkt. 82) is **DENIED.**

DATED: March 3, 2024

B. Lynn Winmill
U.S. District Court Judge