UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　Plaintiff,<br><br>　　　v.<br><br>RAY SHORT,<br><br>　　　Defendant. | Case No. 4:14-cr-00273-AKB<br><br>**MEMORANDUM DECISION AND ORDER** |

Before the Court is Defendant Ray Short's Third Motion for Compassionate Release. (Dkt. 90). Having reviewed the record and the parties' submissions, the Court finds that oral argument would not significantly aid its decision-making process, and it decides the motions on the parties' briefing. *See* Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).[1] For the reasons discussed below, the Court denies the motion.

## I.   BACKGROUND

On July 16, 2015, the Court sentenced Short to 180 months after he pleaded guilty to Attempted Sexual Exploitation of a Minor Child. (Dkt. 53). Short admitted to using a hidden camera to film his minor son while his son was naked and masturbating. (Dkt. 29 at ¶ 11). He

---

[1] While this is a criminal case, the local civil rule regarding hearings will apply here because a general provision in the local civil rule will apply when there is no corresponding criminal rule. *See* Dist. Idaho Loc .Crim. R. 1.1(f); *United States v. Rush*, No. 1:22-cr-00045-DCN, 2024 WL 2245574, at *1 n.1 (D. Idaho May 16, 2024) (declining to hold a hearing regarding a motion for early termination of supervised release pursuant to local rules).

routinely searched for pornography using the term "father/son," including videos of a young male having sex with his father. (*Id.* at ¶ 10). During the Government's investigation, officers uncovered nearly 3,000 images and over 100 video files of child pornography. (*Id.* at ¶ 13). These files included multiple videos that Short produced of his minor son, with such labels as "after shower," "pee," and "moring [sic] wood." (*Id.* at ¶ 14).

While on pretrial release, Short visited his son's residence despite a no-contact order prohibiting him from being within 300 feet of his son. (*Id.* at ¶ 19). When a law enforcement officer advised Short of the no-contact order and asked him to leave, he reportedly screamed at the officer. (*Id.*). Short was later arrested and detained while he awaited his sentence. (*Id.*). While Short was incarcerated at Mini-Cassia Justice Center, he asked his wife to throw away his computer so "they" (presumably law enforcement) would not know he had access to a computer while on pretrial release. (*Id.* at ¶ 20).

At sentencing, Short challenged his sentence as "unconstitutional as cruel and unusual punishment." (Dkt. 47). The Court denied the motion and sentenced Short to 180 months and a lifetime of supervised release because of the severity of Short's conduct. (Dkts. 52, 53). Short appealed his judgment by challenging the constitutionality of the mandatory minimum sentence. (Dkt. 55). The Ninth Circuit denied Short's appeal as meritless. (Dkt. 56) ("Short's contention lacks merit because the sentence is not grossly disproportionate to the underlying offense.").

Short then moved to vacate his sentence under 28 U.S.C. § 2255. *Short v. United States*, 4:17-cv-00451-BLW (2017). The Court denied his motion. (Dkt. 74). Short later mailed a letter to the Court requesting counsel (Dkt. 76), which the Court also construed as a motion for compassionate release (Dkt. 79). The Court denied both motions. (Dkt. 79). Two years later, Short

filed another motion for compassionate release, again citing his health, advanced age, and Post Traumatic Stress Disorder ("PTSD"). (Dkt. 82). Again, the Court denied his motion. (Dkt. 89).

In what is now his sixth challenge to his sentence, Short moves for compassionate release and submits five supplemental filings in support of his motion. (Dkts. 90, 94, 95, 98, 102, 103). Short previously filed his request with the Bureau of Prisons ("BOP"), which denied his request, and Short waited more than thirty days from that presentation before filing the instant motion. In support of his request, Short claims to suffer from PTSD and Traumatic Brain Injury ("TBI"), and that he is not receiving adequate care from the BOP. (Dkt. 90-1 at pp. 1-2, Dkt. 94 at p. 1). Short's requests include alternative requests for release under the Elderly Offender Act, for release pending appeal, and PTSD invalidating his guilty plea, among other miscellaneous arguments. (Dkt. 90-1 at p. 3). The Government opposes his motion. (Dkt. 99). Short's case has since been reassigned to this Chambers.

As of the time of this order, Short has over two years left to serve before his expected release date in June 2027. *See* https://www.bop.gov/inmateloc/ (last visited Apr. 1, 2025). He is currently 77 years old.

## II.   LEGAL STANDARD

To grant compassionate release under 18 U.S.C. § 3582(c)(1)(A), a district court must, as a threshold matter, determine whether a defendant has exhausted his administrative remedies. If the exhaustion requirement is met, the Court may grant compassionate release only if the defendant shows that "extraordinary and compelling reasons warrant such a reduction," and the Court concludes that the 18 U.S.C. § 3553(a) sentencing factors do not weigh against such release. 18 U.S.C. § 3582(c)(1)(A); s*ee United States v. Keller*, 2 F.4th 1278, 1283-84 (9th Cir. 2021) (citing

*United States v. Aruda*, 993 F.3d 797, 801 (9th Cir. 2021)); *see also United States v. Rodriguez*, 424 F. Supp. 3d 674, 680 (N.D. Cal. 2019). The defendant bears the burden of establishing that extraordinary and compelling reasons exist to justify compassionate release. *See United States v. Greenhut*, 2020 WL 509385, at *1 (C.D. Cal. Jan. 31, 2020) (citing *United States v. Sprague*, 135 F.3d 1301, 1306-07 (9th Cir. 1998)).

### III.    ANALYSIS

#### A.    Motion for Compassionate Release

The Court finds Short has exhausted his administrative remedies because he presented a request to the Bureau of Prisons, and thirty days passed since that presentation. *See* 18 U.S.C. § 3582(c)(1)(A); 28 C.F.R. § 571.61. The Court, however, denies Short's motion for compassionate release because he has failed to meet his burden of establishing that extraordinary and compelling reasons exist to justify compassionate release. Further, the Court rejects his miscellaneous arguments as lacking merit.

##### 1.    Extraordinary and Compelling Reasons

Short asserts that he has PTSD and TBI and that the BOP cannot adequately treat his conditions. (Dkt. 94). A defendant has the burden of making an individualized showing his case presents an "extraordinary and compelling reason" for compassionate release. *See United States v. Gomez-Moreira*, Case No. 1:20-CR-00151-JLT, 2024 WL 245640, at *3 (E.D. Cal. 2024) (explaining defendant's ailments were treatable by BOP and thus did not rise to extraordinary and compelling level), *aff'd* Case No. 24-669, 2024 WL 4903686 (9th Cir. 2024). Short has failed to make an individualized showing here. Besides Short's own affidavit, he has no sworn testimony or medical documentation showing he was unreasonably denied the PTSD treatment he sought

while in custody. To the contrary, his filings indicate Psychology Services are available. (Dkt. 100-1 at p. 2 ("Social Workers on 1/27/2025 wrote: You should talk with Psychology Services if you are struggling with PTSD.")). The Government explains that the Federal Medical Center at Rochester, where Short is incarcerated, is equipped to provide mental health care and that Short can receive adequate care while incarcerated. (Dkt. 99 at p. 6). Indeed, this Court explained in its previous order that the facility specializes in providing medical care for prisoners and is properly managing Short's other conditions. (Dkt. 89 at pp. 4-5). Besides Short's own representations, nothing in the record indicates that Short has been denied reasonable care or that any denial has impacted his ability to function. Absent other documentation, Short has not met his burden of showing an "extraordinary and compelling" basis for relief.

Short argues that the Government cites no documents to refute Short's claim that the BOP is not adequately treating his PTSD. (Dkt. 100 at p. 2). His argument ignores that the defendant, not the government, bears the burden of showing an extraordinary and compelling reason for release. *See* 18 U.S.C. 3582(c)(1)(A). The Government has no burden to disprove Short's unsubstantiated claims. *Id.* Even if Short had presented documentation showing he was denied PTSD and TBI treatment, the Court would still deny his motion because of the high risk he poses to others, especially children, upon his release and because the § 3553(a) sentencing factors weigh strongly against early release.

2. **Danger to the Safety of Others**

Short contends that he is no danger to the community; there is "nothing to support this theory other than perception"; and such concerns are "far-fetched." (Dkt. 90-1 at p. 3). The record shows the opposite. Short is a sex offender—he filmed his minor son while he was naked,

showering, and masturbating; he regularly produced and watched child pornography; he possessed thousands of pieces of child pornography; he defied a no-contact order barring him from being near his minor son; he reportedly screamed at officers when asked to leave his son's residence; and he asked his wife to destroy his computer while he was detained. (Dkt. 29 at ¶¶ 11, 19, 20-21). Despite Short's age and health, the Court imposed a 180-month sentence because of the serious danger Short poses to the community, especially to children. The Court continues to find Short's release would endanger those around him.

3.  **Section 3553(a) Sentencing Factors**

In reviewing the record, the Court finds the sentencing factors under § 3553(a) do not support Short's request. This Court has repeatedly weighed these § 3553(a) sentencing factors against Short's release, and each time, the Court affirmed Short's sentence of 180 months. (Dkts. 79, 89). Nothing before the Court today warrants a different outcome. The nature and circumstances of this offense weigh against Short: he possessed thousands of pieces of child pornography, and he produced child pornography by using his minor son. While Short had no prior criminal offense, he violated a no-contact order while on pretrial release and directed his wife to hide his computer from law enforcement. Short's original sentence of 180 months reflects the seriousness of his crimes, provides just punishment, affords adequate deterrence, and protects the public.

B.  **Alternative Requests**

Short's miscellaneous other arguments for compassionate release are meritless. First, Short argues the "Elderly Offender Act" warrants his release. While Short provides no cite to the "Elderly Offender Act," it appears he is referring to the First Step Act, which authorizes home

detention programming for some elderly offenders. The Act directs the Attorney General to "conduct a pilot program to determine the effectiveness of removing eligible elderly offenders . . . from Bureau of Prisons facilities and placing [them] on home detention until the expiration of the prison term to which the offender was sentenced." 34 U.S.C. § 60541(g)(1)(A). It does not grant authority to federal courts to provide relief to a defendant. *United States v. Calderon*, 801 F. App'x 730, 731-32 (11th Cir. 2020). As this Court lacks authority to order Short's release under the Act, the Court denies his request.

Second, Short argues for release pending appeal under 18 U.S.C. § 3143(b). It is unclear what appeal Short is referencing because the Ninth Circuit affirmed the Court's sentence. (Dkt. 68). Even if Short had or will have an active appeal, he has failed to make any showing he is not a flight risk or a danger to the community. Short has a history of defying court orders, such as the no contact order against his minor son, and obstructing justice by directing his wife to destroy his computer while he was in custody. His criminal history also shows he is a danger to those around him, especially children. Accordingly, the Court denies his request.

Third, Short argues his PTSD and TBI at the time of his guilty plea means he "perhaps" did not voluntarily and intelligently make his plea. (Dk. 90 at p. 3). This argument is misplaced. Short presents no evidence that he was incapable of understanding the nature and consequences of his plea. He never challenged his competency at the time of the plea or during sentencing, and he failed to raise these arguments in his previous motion under 28 U.S.C. § 2255, which this Court dismissed. (Dkt. 74). Accordingly, the Court rejects this request.

Shorts lists additional, mostly incoherent, arguments across his six supplemental filings. These include the following: (1) he was incompetent when at the change of plea hearing (Dkt. 94

at p. 2); (2) he was denied his Sixth Amendment right to counsel (*Id.* at p. 2); (3) his wife hurt her hip, so he needs to be home with her (*Id.* at p. 7, Dkt. 100 at p. 2); and (4) his offense was only for "attempted" sexual exploitation of a minor, suggesting a less severe punishment should apply (Dkt. 98 at p. 2). While none of these issues were properly raised in Short's principal motion for compassionate release, the Court dismisses them as meritless: (1) Short provides no medical evidence, documentation, or law in support of his argument that he was incompetent at his change of plea hearing; (2) he has already asserted effective assistance of counsel arguments in his since-rejected motion under 28 U.S.C. § 2255 (Dkt. 74), and successive § 2255 motions are allowed only on limited grounds, which do not apply to Short's request; (3) his argument that he needs to help his wife with her hip does not present an extraordinary and compelling reason to shorten his sentence; and (4) his argument regarding "attempted" sexual exploitation of a minor is incoherent and irrelevant. Accordingly, the Court dismisses these requests.

## IV.  ORDER

**IT IS ORDERED that:**

1. Defendant Ray Short's Motion for Compassionate Release (Dkt. 90) is **DENIED**.

DATED: April 03, 2025

Amanda K. Brailsford
U.S. District Court Judge